NO









NO. 12-10-00013-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

TERRANCE THACKER,

APPELLANT                                                     '     APPEAL
FROM THE 2ND

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     CHEROKEE
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

Terrance
Thacker appeals his conviction for possession of cocaine.  In two issues,
Appellant argues that the evidence is legally and factually insufficient to
support his conviction.  We affirm.

Background

Sheriff’s
deputies in Cherokee County were watching two separate, but near to one
another, residences because they suspected the occupants were selling drugs. 
They observed Heath Cox walking in the vicinity of the residences and arrested
him for the offense of walking on the wrong side of the roadway.  After being
advised of his constitutional rights, Cox told the officers that he had
purchased crack cocaine from Appellant at one of the residences.  

Based
on that statement, the officers sought and obtained search warrants for the two
residences.  In a bedroom at one of the residences, located at 139 Deckard
Street, the police found a box that contained Appellant’s social security card
and driver’s license or identification card, his wallet, Cox’s wallet, ninety
dollars in U.S. currency, and a small amount of cocaine.  The police also
recovered from the bedroom a spiral bound notebook, which included a page that
appeared to be a record of a drug selling operation.

A
Cherokee County grand jury indicted Appellant for the felony offense of
possession of cocaine, alleging that he possessed less than a gram of cocaine.[1] 
Appellant pleaded not guilty, and a trial was held.  At trial, officers
testified that they had seen Appellant in the area and that the water
district’s records reflected that he lived at 139 Deckard Street.  Appellant’s
girlfriend testified that he was present when the police served the search
warrant and that he stayed at the home with her “a lot.”  She testified that
the cocaine was hers, and that she had Appellant’s identification because the
two were in the process of preparing to marry.  She testified that she had
Cox’s wallet because he had bought cocaine from her and he owed her money.  

The
jury found Appellant guilty as charged.  Following a sentencing hearing, the
jury assessed a sentence of confinement for two years in a state jail.  This
appeal followed.

Sufficiency of the Evidence

In
two issues, Appellant argues that the evidence is insufficient to show that he
possessed cocaine.

Standard of Review

While
this appeal was pending, the Court of Criminal Appeals held that appellate
courts were to review the sufficiency of the evidence in a criminal case using
only the legal sufficiency standard.  See Brooks v. State, No.
PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240, at *2 (Tex. Crim. App. Oct. 6,
2010) (plurality opinion); 2010 Tex. Crim. App. LEXIS 1240, at *59 (Cochran,
J., concurring).  Accordingly, we will review Appellant’s challenge to the
sufficiency of the evidence under the well established standard for legal
sufficiency.  See Brooks, 2010 Tex. Crim. App. LEXIS 1240, at *2
(plurality opinion) (“It bears emphasizing that a rigorous and proper
application of the Jackson v. Virginia legal-sufficiency standard
is as exacting a standard as any factual-sufficiency standard (especially one
that is ‘barely distinguishable’ or indistinguishable from a Jackson v.
Virginia legal-sufficiency standard).”).

The
due process guarantee of the Fourteenth Amendment requires that a conviction be
supported by legally sufficient evidence.  See Jackson v. Virginia,
443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); Ross
v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004); Willis v.
State, 192 S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref’d).  When
reviewing the sufficiency of the evidence, we view all of the evidence in the
light most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Brooks, 2010 Tex. Crim. App. LEXIS 1240, at *14 (citing Jackson,
443 U.S. at 319, 99 S. Ct. at 2789).  Under this standard, a reviewing court does
not sit as a thirteenth juror and may not substitute its judgment for that of
the fact finder by reevaluating the weight and credibility of the evidence.  Id,
2010 Tex. Crim. App. LEXIS 1240, at *15; Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  Instead, a reviewing court defers to
the fact finder’s resolution of conflicting evidence unless that resolution is
not rational in light of the burden of proof. Brooks, 2010 Tex.
Crim. App. LEXIS 1240, at *15–16.  The duty of a reviewing court is to ensure
that the evidence presented actually supports a conclusion that the defendant
committed the crime.  See Williams v. State, 235 S.W.3d 742, 750
(Tex. Crim. App. 2007).

Applicable
Law

As
alleged in the indictment, the State was required to prove that Appellant
intentionally or knowingly possessed cocaine in an amount of less than one
gram.  See Tex. Health &
Safety Code Ann. §§ 481.102(3)(D), 481.115(a) (Vernon 2010); Brown
v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  Possession means
“actual care, custody, control, or management” of an item.  Tex. Health & Safety Code Ann. §
481.002(38) (Vernon 2010).  The evidence used to prove possession can be either
direct or circumstantial.  Brown, 911 S.W.2d at 747.

When
the proof is circumstantial, the state must establish that the accused’s
connection to the substance was more than just fortuitous.  Id. 
In the past, courts have held that there must be additional independent facts
and circumstances that affirmatively link the accused to the contraband when he
does not possess it on his person.  See Poindexter v. State, 153
S.W.3d 402, 406 (Tex. Crim. App. 2005).  In Evans v. State, 202
S.W.3d 158, 163 (Tex. Crim. App. 2006), the court of criminal appeals restated
the proper method to analyze the sufficiency of the evidence in cases where
possession of an item is illegal.  The court acknowledged what had been called
an “affirmative links” test, but held that circumstantial evidence of
possession could be sufficient evidence to connect a defendant to the actual
care, custody, control or management of contraband when the “logical force of
the circumstantial evidence, not the number of links” supported the jury’s
verdict.  Id. at 163 n.12, 166.  In that case, the court noted
that the jury had already engaged in a weight of evidence determination–one
which likely included an analysis of links between a defendant and the drugs–and
that under “federal and Texas law, juries trump both trial and appellate judges
on weight-of-evidence determinations.”  Id. at 164.

Analysis

With
respect to the legal sufficiency of the evidence, Appellant argues that there
are no “links” connecting him to the cocaine other than “miscellaneous personal
items” of his that were found with the cocaine.  

However,
there was more evidence that Appellant exercised care, control, or custody of
the cocaine.  Specifically, the jury could have concluded that Appellant lived
at the house, or at least that he regularly stayed at the house, and that the
bedroom in which the cocaine was found was his bedroom.  One of the officers
testified, without objection, that the water district records reflected that
Appellant lived at the home.  That officer also testified that he had seen
Appellant in the vicinity of the home.  Another officer testified that Heath
Cox told her that he had purchased cocaine from Appellant at Appellant’s
residence.  Within the bedroom where the cocaine was found, the police found men’s
clothing and shoes and a golden, removable piece of mouth jewelry.  Finally,
Appellant’s girlfriend testified that Appellant stayed at the home “a lot” and
that he was present when the police served the search warrant.

If
the jury concluded that the bedroom in which the cocaine was found was,
practically speaking, Appellant’s bedroom, it could also conclude that the
records of drug transactions in the spiral notebook belonged to Appellant. 
Coupled with the testimony about Cox’s statements and the fact that Appellant’s
wallet was found in the same box with the cocaine, the jury could conclude that
Appellant controlled the bedroom and the box within it.  Therefore, the jury
could rationally conclude that he possessed the cocaine along with his wallet
and identification.  

In
assessing the sufficiency of the evidence, the power of the circumstantial
evidence, if it is present, is in the orchestration of several factors and the
logical force they have in combination.  See Young v. State, 242
S.W.3d 192, 197 (Tex. App.–Tyler 2007, no pet.).  The fact that the drugs were
found in Appellant’s bedroom, and in a box in which he kept other things that
were important to him, coupled with testimony that he had sold drugs to Cox and
the evidence that he was engaged in the drug trade, all combine in a way that allows
the inference that Appellant possessed the cocaine. 

On
the other hand, the inference that Appellant possessed the cocaine is not the
only conclusion the jury could have reached in this case.  The most powerful
evidence against the jury’s verdict is Appellant’s girlfriend’s testimony that
it was her cocaine.  She was also able to offer an explanation as to why she
had Appellant’s wallet and identification.  The jury necessarily rejected her
assertion of sole possession of the cocaine to reach their conclusion that
Appellant possessed the cocaine.  In part, this may have been due to the fact
that she did not alert law enforcement to this issue during the seven months
Appellant was in custody awaiting trial.  It may also have been as a result of
the jury’s assessment of her credibility as a witness generally.  It is for the
jury to assess the weight of Appellant’s girlfriend’s testimony.  See, e.g.,
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999) (“[T]he
jury, as the trier of fact, is the sole judge of the credibility of the
witnesses and of the strength of the evidence.”).  The jury rejected her
testimony that she was the sole possessor of the cocaine.  We must give great
deference to jury determinations concerning the weight of the evidence and the
credibility of the witnesses.  See Johnson v. State, 23
S.W.3d 1, 14 (Tex. Crim. App. 2000).

There
was no other evidence directly contrary to the verdict, but the evidence
generally is not overwhelming as to Appellant’s guilt.  Nevertheless, the
police found the cocaine in a room over which Appellant exercised control and
in a location where he kept other personal items.  Accordingly, after reviewing
all of the evidence in a light most favorable to the verdict, we conclude that
a rational jury could conclude, beyond a reasonable doubt, that Appellant
exercised care, control, and custody of the cocaine found along with his wallet
and identification.  We overrule Appellant’s first issue and second issue.

Disposition

Having
overruled Appellant’s first and second issues, we affirm the
judgment of the trial court.

                                                                                                   
BRIAN HOYLE    

                                                                                                            Justice

Opinion delivered October 29, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)









[1]
See Tex. Health & Safety Code
Ann. § 481.115(b) (Vernon 2010).